UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVIILE

**CHARLES CLAYTON et al.**                                                                 **PLAINTIFFS**

**v.**                                                                    **CIVIL ACTION NO. 3:09CV-P294-H**

**CHRISTINE A. LANCIA et al.**                                                               **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiffs, Charles Clayton and multiple other prisoners at the Fort Knox Regional Corrections Facility, filed a *pro se* complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 390-97 (1971) (DN 1).[1] This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).[2] For the reasons set forth below, the action will be dismissed.

### I. SUMMARY OF CLAIMS

Plaintiffs sue in their individual and official capacities Fort Knox Commanders Christine Lancia, Randall S. Pitcher, and Donald M. Campbell, Jr. Plaintiffs state that during the late fall and winter months from November 2, 2008, to March 4, 2009, outdoor recreation was eliminated

---

[1] The other signatory Plaintiffs are: Michael G. Campbell, Shawn Michael Hartford, James McKee, Antoine Armbrister, Elijah Allen, Christoper Berry, Adam Russell Banister, Ordis McClam, Ronald L. Barnett, Anthony Adams, Brian Zoeller, Joseph A. Kohlhaas, Adam L. Beckner, Terry C. Knapp, Darious Perkins, James L. Pope, Curtis Murray, Justin Sewell, John Mazur, Christopher Walker, Shane Willimas, Antonio J. Aponte Marin, Bryan Scott Littleton, Dustin Stefan, William Baker, DeRand Davis, Johnathon Dixon, Warren Abernathy, Joshua D. Patton, David Love, Warren B. Gilbertson, Gene R. King, Jr., Austin P. Alexander, Christopher A. Barberi, James A. Litchfield, Anthony Criswell, William Richards, Edward J. Nolan, and Michael A. McQuown.

[2] Pursuant to 28 U.S.C. § 1915A, "[t]he court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Thus, even though Plaintiff paid the $350.00 filing fee, the Court is still required to screen his complaint before service on Defendants. *Id.*

Case 3:09-cv-00294-JGH   Document 5   Filed 12/14/09   Page 2 of 4 PageID #: 25


and the only recreation was in the basement weight room. Plaintiffs state that the reason given for eliminating outdoor recreation was weather. According to the complaint, Plaintiff Clayton asked to meet with Defendant Pitcher under his "open door policy" but was denied. The complaint further states that Defendant Campbell did not respond to Plaintiff Clayton's appeal under the Uniform Code of Military Justice. As relief, Plaintiffs want injunctive relief and monetary and punitive damages.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### *Attempts to represent other prisoners*

The complaint asserts that four individuals, Francis H. Parker, Daniel Joannison, Josh Glover, and Robert B. Hilley, "are unable to list themselves as plaintiffs in this case . . . due to their being held in solitary confinement" but that they should be considered plaintiffs in case

they wish to join the suit.  This portion of the complaint is signed only by Plaintiff Charles Clayton.  Plaintiff Clayton may not put forth claims on behalf of other individuals.  28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage."); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir.1991) (explaining that § 1654 "'does not allow for unlicensed laymen to represent anyone else other than themselves'" (citation omitted)).  Therefore, the claims set forth on behalf of non-signatory individuals will be dismissed.

*Eighth Amendment claim by signatory Plaintiffs*

Plaintiffs complain only that from November 2, 2008, to March 4, 2009, they were not allowed to exercise outdoors.  They state that they were able to exercise during this time period in an indoor weight room equipped with exercise machines, treadmills, and orbital walkers.  Thus, Plaintiffs' only complaint is that they were denied "the right to sunlight and fresh air."

An Eighth Amendment claim has both an objective and subjective component:  (1) a sufficiently grave deprivation of a basic human need; and (2) a sufficiently culpable state of mind.  *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).  A prison's conditions of confinement are sufficiently grave if they fall beneath "the minimal civilized measure of life's necessities" as measured by a "contemporary standard of decency."  *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).  A prison official inflicting such conditions acts with a sufficiently culpable state of mind if he does so with "deliberate indifference."  *Wilson*, 501 U.S. at 303.

Plaintiffs' only claim is that their Eighth Amendment rights were violated because they were denied sunlight and fresh air during a four-month period.  This claim fails because

3

Plaintiffs have not articulated how the lack of natural sunlight or fresh air endangered their health. *See Richard v. Reed*, 49 F. Supp. 2d 485, 487 (E.D. Va. 1999) (court dismissed as frivolous prisoner's complaint that he did not get any direct exposure to sunlight because of prison's requirement that all recreational and other activities take place indoors), *aff'd*, No. 6783, 1999 WL 651846 (4th Cir. Aug. 26, 1999). Accordingly, the Court finds that Plaintiffs have not shown that the alleged prison condition is a sufficiently serious deprivation of a basic human need. *See Pastorious v. Romer*, No. 96-1126, 1996 WL 528359, at *1 (10th Cir. Sept. 17, 1996) (affirming the district court's dismissal of an action as frivolous where the inmate alleged he was denied fresh air and direct sunlight), *cert. denied*, 520 U.S. 1199 (1997); *Jones v. Kelly*, No. 89-6651, 1990 WL 33936, at *1 (4th Cir. Mar. 8, 1990) (per curiam) (holding that jails may provide space for indoor recreation as an alternative to outdoor recreation where there is no medical evidence that an inmate needs outdoor exercise); *Townsend v. Padula*, No. C/A0:0421879-RBH, 2005 WL 3591984, at *3 (D.S.C. Dec. 30, 2005) (finding a temporary denial of outdoor exercise with no medical effects is not a substantial deprivation).

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss the instant action for failure to state a claim.

Date:


cc: Plaintiffs, *pro se*
      Defendants
4412.009